UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| JESUS VILLANUEVA, JR., *et al.*, | Case No.: 3:14-CV-01610-HZ (Lead Case) |
| --- | --- |
| Plaintiff, | Case No.: 3:15-CV-02354-HZ (Trailing Case) |
| vs. | ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT |
| LIBERTY ACQUISITIONS SERVICING, LLC, *et al.*, | |
| Defendants. | |

THIS MATTER came before the Court on Representative Plaintiff's motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable and adequate. The Court hereby enters this Order & Final Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class.

Page 1.  ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT

On May 8, 2017, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiff and Defendants Liberty Acquisitions Servicing, LLC ("LAS"), Liberty Holdings, LLC ("Holdings"), Javlin One, LLC ("Javlin One") and Javlin Capital, LLC ("Javlin Capital") (Javlin One and Javlin Capital collectively, "Javlin Parties") (LAS, Holdings and Javlin Parties collectively, "Defendants"). The proposed Settlement resolves all of the Class's claims against Defendants in exchange for LAS' agreement to pay certain amounts to eligible Class Members as set forth in the Agreement. On September 14, 2017, this Court held a fairness hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs, and for payment of a Class Representative Service Award to the Representative Plaintiff (the "Fee Application"). The Court heard argument from counsel. No other individuals elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel; Class Counsel's Fee Application; the Agreement; and the pleadings, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Order as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Class.

3. The Court approves the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. This Court confirms the Class, as defined in the Court's Order Granting Class Certification and as described in the Settlement Agreement, has been appropriately identified by the parties .

5. Certain members of the Class have timely requested to be excluded from the Class and the Settlement. Exhibit A, attached hereto, lists the Class Members who timely requested exclusion from the Class. Accordingly, this Order shall not bind or affect Class Members listed on Exhibit A.

6. The Court hereby grants final approval to the Settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

7. Neither the Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the

affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. This Court hereby orders that the Settlement is in full settlement, compromise, release, and discharge of the claims in this case, and Representative Plaintiff, as the representative of the Plaintiff Class, and on behalf of each Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, shall have fully, finally and forever irrevocably released, relinquished, and forever discharged with prejudice all Released Claims (as defined in section 1.11 of the Settlement Agreement) against the Released Parties (as defined in section 1.12 of the Settlement Agreement) and those Class Members are barred from bringing claims within the scope of the Released Claims (as defined in section 1.11 of the Settlement Agreement) against the Released Parties (as defined in section 1.11 of the Settlement Agreement); and, further, that the Representative Plaintiff, for himself and on behalf of his respective agents, successors, heirs, assigns, and any other person who can claim by or through him in any manner, shall have fully, finally and forever irrevocably released, relinquished and forever discharged with prejudice all Released Claims within the scope of section 1.11 of the Settlement Agreement.

9. Defendants have no further or other liability or obligation to any member of the Class with respect to the claims brought by Plaintiff and the Class in this action, except as expressly provided for in the Settlement Agreement.

10. Representative Plaintiff, for himself and as the representatives of the Class, and on behalf of each Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any

manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

11. Each Defendant, for itself and its predecessors, successors, and assigns of any of them, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Cross Claims against each other Defendant and its predecessors, successors, and assigns of any of them.

12. By operation of this Judgment, the Representative Plaintiff and Defendants expressly waive, and each Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13. Garden City Group completed the delivery of class notice according to the terms of the Agreement. The Notice given by Garden City Group to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the final fairness hearing. The Court has afforded a full opportunity

to all Class Members to be heard. Accordingly, the Court determines that all members of the Class, except those who timely excluded themselves from the Class, are bound by this Judgment and Final Order.

14. Within ten (10) days after the filing of the proposed Agreement in this Court, Defendants served a notice of the proposed settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since LAS provided the required notice, as required by 28 U.S.C. § 1715(d).

15. Without affecting the finality of this Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Class Representative Service Awards, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Class for the purpose of enforcing and administering the Agreement.

16. As payment in compensation for the time, effort, and risk he undertook as representatives of the Class, the Court hereby awards $9,000.00 to Jesus Villanueva, Jr.

17. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining LAS' agreement to make funds available to Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class' claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that

they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel has a standard contingent fee agreement with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; and (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and cost request under the Agreement, and Class Counsel filed and posted their Fee and Cost Application in time for Class members to make a meaningful decision whether to object to the Fee and Cost Application. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of $600,000.00. All such fees are in lieu of statutory fees that Representative Plaintiff and/or the Class might otherwise have been entitled to recover.

18. Pursuant to the terms of the Agreement, Travelers, on behalf of its insured, LAS, shall pay the fee and cost awards to Class Counsel and shall pay the Class Representative Service Award, as well as amounts due to eligible Class Members, in accordance with and at the times prescribed by the Agreement.

DATED this 14 day of September, 2017.

_____
Hon. Marco Hernandez
US District Court Judge

**Opt-Outs**

| Count | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 1 | Johnathan Smith | 2711 S. Benton St. | Denver | CO | 80227 |
| 2 | Monica Nakai | PO Box 2407 | Shiprock | NW | 87420 |
Exhibit A

Page 1 of 1